IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHICAGO PRIME PACKERS, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 8:22-cv-433-PX |
| | * | |
| GFE DISTRIBUTION, LLC, ET AL., | * | |
| | * | |
| Defendants. | * | |

\*\*\*

## MEMORANDUM OPINION

This matter is before the Court on the motion for alternative service pursuant to Federal Rule of Civil Procedure 4(e) and Maryland Rule 2-121 filed by Plaintiff Chicago Prime Packers, Inc. ("Chicago Prime Packers"). ECF No. 6. Chicago Prime Packers requests to serve Defendant Frank Alafoginis by posting a copy of the summons and the Complaint on Alafoginis' front door and mailing a copy via first class certified mail to the same address. ECF No. 6 at 2. For the reasons stated below, the motion is GRANTED.

### I.     Background

Plaintiff Chicago Prime Packers supplies meat and protein products to the grocery and food industry throughout the Untied States. The company is incorporated in Colorado with its primary place of business in Florida. ECF No. 1 ¶ 1. Defendant GFE Distribution, LLC, doing business as Capital Meat Company ("Capital Meat") is a meat distributor based in Landover, Maryland, and operated primarily by Defendant Frank Alafoginis, a resident of Virginia. *Id.* ¶ 2.

On September 8, 2021, Alafoginis submitted a credit application on behalf of Capital Meat to Chicago Prime Packers, hoping to convince Chicago Prime Packers to sell bulk product to Capital Meat on credit.  ECF No. 1 ¶ 7.  In the application, Alafoginis affirmed that Capital Meat was financially solvent, not the subject of any pending litigation, and that Alafoginis would personally guarantee full and prompt payment to Chicago Prime Packers for each purchase.  *Id.* ¶¶ 7–13.  In reality, however, Capital Meat was bankrupt and actively defending multiple lawsuits for nonpayment to other meat suppliers.  *Id.*  Based on Alafoginis' false averments, Chicago Prime Packers approved the credit application.  *Id.*

In September and October of 2021, Capital Meat submitted multiple orders to Chicago Prime Packers, which Chicago Prime Packers promptly delivered, and Capital Meat accepted. *Id.* ¶ 16–19.  Capital Meat made partial payments during this period, but ultimately stopped making payments altogether.  *Id.*  Capital Meat's last partial payment was on November 8, 2021.  Shortly thereafter, Chicago Prime Packers attempted to contact Capital Meat to collect the owed payments.  *Id.*  Capital Meat stopped responding altogether.  *Id.*  Capital Meat's unpaid balance owed to Chicago Prime Packers is $244,227.77.  *Id.* ¶ 20.

On February 22, 2022, Chicago Prime Packers filed this suit, alleging breach of contract, unjust enrichment, intentional misrepresentation and fraud, and fraudulent inducement, and retained Torri's Legal Services ("TLS") to serve Capital Meat and Alafoginis.  ECF No. 1 ¶¶ 21–51; ECF No. 6 ¶ 1.  On February 23, 2022, TLS served Capital Meat's resident agent.  ECF No. 6 ¶ 2. As to Alafoginis, TLS attempted service at his home address in Mclean, Virginia, on February 25, 26, 28, and March 1 and 9, 2022.  *Id.* ¶ 4.  Despite confirming that Alafoginis currently resided at the address and signs of someone living at the address at the time of service, TLS' attempts to serve Alafoginis were unsuccessful.  *Id.*  Consequently, Chicago Prime Packers

now moves for alternate service, requesting that it serve Alafoginis by first-class, certified mail service with service deemed executed three days after mailing, and by posting a copy of the documents to Alafoginis' front door. ECF No. 6 ¶ 10. For the reasons stated below, the motion for alternate service is granted.

## II.     Standard of Review

Federal Rule of Civil Procedure (4)(e) provides that an individual may be served pursuant to the law of the state in which the district court is located. *See* Fed. R. Civ. P. 4(e). Maryland law allows three methods for accomplishing service: (1) personal service on the defendant; (2) leaving a copy of the summons, complaint, and other papers at the defendant's residence with another resident of suitable age; or (3) service via certified, restricted-delivery mail. Md. R. 2-121(a). If the plaintiff demonstrates that the defendant is evading service, alternate service may include (1) mailing a copy of the summons, complaint, and all other documents to the defendant's last known residence, and (2) delivering a copy of each filed document to a person of suitable age at the defendant's place of business. Md. R. 2-121(b). However, if service under section 2-121(b) is impracticable, the court may also order service by "any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice." Md. R. 2-121(c); *see also* Md. R. 3-121(a)–(c) (providing identical rules for service of process in Maryland District Court cases).

When a plaintiff requests alternate service, the proposed method must also satisfy due process. *Luma v. Dib Funding, Inc.*, No. ELH-20-2504, 2021 WL 795152, at *2 (D. Md. Mar. 2, 2021) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). At minimum, due process requires that "notice is reasonably calculated, under all the circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity to

present their objections." *Binks v. Collier,* No. DKC 19-0298, 2019 WL 2994697, at *1 (D. Md. July 9, 2019) (quoting *Mullane*, 339 U.S. at 314).

### III. Discussion

Chicago Prime Packers seeks to serve Alafoginis by mailing the Complaint and summons to his last known residence via certified, first-class mail and by posting a copy of the Complaint and summons to the door at Alafoginis' residence. ECF No. 6 ¶ 10. In support of the motion, Chicago Prime Packers includes an affidavit from TLS' process server, Michael Mantyla, detailing five unsuccessful attempts to personally serve Alafoginis. *See* ECF No. 6-3. On February 25, 2022, Mantyla attempted to serve Alafoginis at his home address in McLean, Virginia. *Id.* Plaintiffs confirmed the address is Alafoginis' last known residence through an investigatory report by IRCIntelligence. ECF No. 6 ¶ 5. When Mantyla attempted to serve the documents, no one answered the door, and no noises were detected inside the home. ECF No. 6-3. When Mantyla tried again on February 26 and 28, 2022, no one answered the door, although Mantyla could hear a dog barking inside the home. *Id.* On his service attempt on the 28th, Mantyla attached a door tag to the front door of the residence requesting a return phone call. *Id.* Mantyla's attempt on March 1st was also unsuccessful, though the door tag had been removed. Mantyla left another door tag requesting a return phone call. *Id.* When he returned on March 9, 2022, the door tag he left on the 1st had been removed once again. *Id.* To date, Alafoginis has not responded to the service attempts.

Chicago Prime Packers has demonstrated good faith efforts to personally serve Defendant Alafoginis on five separate dates. Given that Capital Meat has been served through its resident agent, that Alafoginis' residence is confirmed, and that the door tags were removed from Alafoginis' front door, Chicago Prime Packers has demonstrated that Alafoginis appears to be

evading service. *See* Md. R. 2-121(b) (requiring proof by affidavit to demonstrate that defendant is acting to evade service). Accordingly, the Court may order alternate service by mailing a copy of the summons, Complaint, and all other documents to the Alafoginis' last known residence and delivering a copy of each to a person of suitable age at the defendant's place of business. *See* Md. R. 2-121(b). However, because Capital Meat appears to be bankrupt, the Court finds that service on a person of suitable age at Alafoginis' principal place of business is impracticable, and efforts at pursuing such service will only facilitate Alafoginis' evasion. *See* Md. R. 2-121(b)-(c). Accordingly, the motion for alternative service is GRANTED.

    A separate Order follows.

| | |
|---|---|
|    04/06/2022    <br> Date |    /S/    <br> Paula Xinis <br> United States District Judge |